Marian F. Harrison
US Bankruptcy Judge

Dated: 4/18/2019

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 218-06048 |
| EDWIN DUANE ORTLEPP, | ) |
| TERESA STOUT ORTLEPP, | ) JUDGE MARIAN F. HARRISON |
| | ) |
| Debtors. | ) Chapter 7 |
| | ) |
| FIRST VOLUNTEER BANK, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| EDWIN DUANE ORTLEPP, | ) |
| TERESA STOUT ORTLEPP, AND | ) |
| TIMOTHY G. NIARHOS, Trustee, | ) |
| | ) |
| Respondents. | ) |
| | ) |
| | ) |

## MEMORANDUM OPINION

This matter is before the Court upon First Volunteer Bank's ("FVB") motion for relief from the automatic stay under 11 U.S.C. § 362(d)(2) and request for abandonment of the collateral under 11 U.S.C. § 554(b). The question raised by FVB's motion is whether the collateral is a deposit account or a certificate of deposit. The parties have agreed to forego a hearing and have this matter decided on their briefs alone. The Court finds that FVB's request for abandonment

should be granted because the collateral at issue is a deposit account which is perfected by control, rather than by a UCC filing.

## I. FACTS AND BACKGROUND

On September 10, 2018, the Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code in the Middle District of Tennessee (the "Petition Date"). FVB is a creditor of the Debtors by virtue of a Promissory Note, dated October 30, 2017, for which money was loaned to the Debtors in the principal amount of $48,455.05 (the "Loan"). To secure the Loan, the Debtors agreed to an Assignment of Deposit Account, dated October 30, 2017, thereby assigning their interest in a Certificate of Deposit opened on January 17, 2014, by the Debtors and issued by FVB. At the time of the assignment, the Certificate of Deposit (the "Collateral") had an approximate balance of $41,352.55. FVB did not perfect its security interest by filing a Uniform Commercial Code ("UCC") financing statement. According to FVB's pleadings, the payoff on the loan, as of September 12, 2018, was $48,455.05. FVB did not file a proof of claim in this case.

The Collateral contains language describing itself as both a "time deposit" and a "certificate of deposit." Additionally, the following words are in bold print: "**Not Negotiable – Not Transferrable**." The terms listed on the Collateral include: "**TRANSFER: 'Transfer'** means any change in ownership, withdrawal rights, or survivorship rights, including (but not limited to) any pledge or assignment of this account as collateral. You cannot transfer this account without our written consent." Another term reads: "**PRIMARY AGREEMENT**: … You may not transfer this account without first obtaining our written consent. You must present this certificate when you request a withdrawal or a transfer."

2

Case 2:18-bk-06048 Doc 38 Filed 04/19/19 Entered 04/19/19 10:22:29 Desc Main
Document Page 2 of 6

Prior to the Petition Date, the Debtors defaulted under the Loan. On their Statement of Intent, the Debtors selected "Surrender the property" with respect to the Collateral. The Debtors did not file any responsive pleading to FVB's Motion for Relief, and they received their discharge on December 11, 2018. While the stay directly protecting the Debtors and their property terminated upon entry of the discharge order, *see* 11 U.S.C. § 362(c)(2)(C), the stay of acts against property of the estate continues unless and until "such property is no longer property of the estate." 11 U.S.C. § 362(c)(1). Here, the Trustee has not abandoned the property and objects to the relief sought by FVB.

## II. DISCUSSION

### A. DEPOSIT ACCOUNT OR CERTIFICATE OF DEPOSIT

The central issue is whether the Collateral should be characterized as a deposit account or an instrument. FVB alleges that the Collateral should be characterized as a deposit account, and the Trustee claims that the Collateral is an instrument. If the Collateral is a deposit account, it is perfected by control, and FVB is entitled to relief. T.C.A. § 47-9-314. On the other hand, if the Collateral is properly characterized as an instrument, perfection of FVB's security interest required either the filing of a UCC financing statement or possession of the instrument. *See* T.C.A. § 47-9-308; T.C.A. § 47-9-312. If so, FVB's security interest would not be perfected, and the Collateral would be available for the benefit of the estate.

For the following reasons, the Court finds that the Collateral is a deposit account and that FVB has a perfected security interest therein.

Although Article 9 of the Tennessee Code Annotated does not define a certificate of deposit, it defines "Deposit account" as "a demand, *time* [emphasis added], savings, passbook, or

3

similar account maintained with a bank. The term does not include … accounts evidenced by an instrument." T.C.A. § 47-9-102(a)(29). An "Instrument" is defined as "a negotiable instrument or other writing that evidences a right to the payment of a monetary obligation ... and is of a type that in the ordinary course of business is transferred by delivery with any necessary endorsement or assignment." T.C.A. § 47-9-102(a)(47). The official comment to that section further explains: "a nonnegotiable certificate of deposit would be a deposit account only if it is not an 'instrument' as defined in this section (a question that turns on whether the nonnegotiable certificate of deposit is 'of a type that in ordinary course of business is transferred by delivery with any necessary indorsement or assignment')." T.C.A. § 47-9-102 cmt. 12.

A number of courts have found nonnegotiable and nontransferable certificates of deposit to be deposit accounts, especially when written consent is explicitly required for a transfer or assignment. *In re Verus Inv. Mgmt., LLC*, 344 B.R. 536, 543 (Bankr. N.D. Ohio 2006) (concluding that a nonnegotiable, nontransferable certificate of deposit was a deposit account where no evidence was produced that the market treated the certificate as a right to payment transferred by delivery with any necessary endorsement or assignment); *E53 Fed. Credit Union v. Perez (In re Perez)*, 440 B.R. 634, 639 (Bankr. D.N.J. 2010) (finding that a nonnegotiable, nontransferable certificate of deposit was a deposit account where bank's written consent was required for any transfer or assignment).

In the instant case, the Collateral is a time deposit marked "**Not Negotiable – Not Transferable**" on its face. Additionally, the terms listed on the Collateral include a provision stating: "You cannot transfer this account without our written consent." The Collateral is not a negotiable instrument by its own terms. The question then turns on whether the Collateral is "of a type that in ordinary course of business is transferred by delivery with any necessary endorsement

4

or assignment." T.C.A. § 47-9-102(a)(47).  Based on the four corners of the document, which is the only evidence before this Court, the Collateral cannot be transferred or assigned without prior written consent of FVB. It follows that the Collateral is not transferrable in the ordinary course of business with only the necessary endorsement or assignment.  Because the Collateral falls outside of both the negotiable instrument and ordinary course of business clauses of the definition of an instrument, the Collateral must not be an instrument under the Tennessee Code. Instead, the Collateral is a deposit account because it is a time account not evidenced by an instrument.

A security interest in a deposit account is perfected by control. T.C.A. § 47-9-312(b)(2); T.C.A. § 47-9-314(a). When the secured party is the bank where the encumbered deposit account is maintained, the secured party has control. T.C.A. § 47-9-104.  Thus, the Collateral is a deposit account maintained by FVB. Further, the Trustee does not dispute FVB's control over the Collateral. The Trustee's interest in the Collateral as a judicial lien creditor is subordinate to FVB's interest. 11 U.S.C. § 544(a)(1); T.C.A. § 47-9-317(a)(2). FVB holds a prior perfected security interest in the Collateral.

## B.  RELIEF AND ABANDONMENT

The automatic stay terminated upon the entry of the Debtors' discharge on December 11, 2018.  *See*  11 U.S.C. § 362(c)(2).  Accordingly, the only remaining issue for this Court to decide is whether abandonment should be granted.

"On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(b).  "The trustee, in other words, must generally abandon property that does not possess substantial equity." ***Jahn v. Burke (In re***

5

Case 2:18-bk-06048    Doc 38    Filed 04/19/19    Entered 04/19/19 10:22:29    Desc Main
Document      Page 5 of 6

*Burke),* 863 F.3d 521, 525 (6th Cir. 2017) (citation omitted). "'The only issue before the court in an application for abandonment is whether there is a reason that the estate's interest in the property should be preserved or, instead, whether the property is so worthless or burdensome to the estate that is should be removed.'" ***Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.),*** 816 F.2d 238, 246 (6th Cir. 1987) (quoting ***In re Tyler***, 15 B.R. 258, 261 (Bankr. E.D. Pa. 1981)).

Having found that FVB has a prior perfected security interest, there is no equity in the Collateral. Because there is no equity, the Collateral is of inconsequential value or benefit to the estate and should be abandoned by the Trustee. 11 U.S.C. § 554(b). Finally, the Court finds no basis for granting FVB's request that the 14-day stay required by Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived.

### III. CONCLUSION

Accordingly, the Court finds that FVB's motion for relief from the automatic stay, to the extent it seeks abandonment by the Trustee, should be granted.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.